UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN PERRY,<br><br>  Defendant. | No.  2:15-cv-1858 JAM CKD (TEMP) (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified Warden Perry as the sole defendant in this action. Plaintiff alleges that defendant Perry has been denying inmates on C-Yard Muslim services every Friday for the past eight months. In terms of relief, plaintiff asks the court to certify this case as a class action lawsuit. Plaintiff also seeks injunctive relief and monetary damages. (Compl. at 3.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must

give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his original complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

Insofar as plaintiff asks the court to certify this case as a class action lawsuit, the court will deny his request. Plaintiff is a non-lawyer proceeding without counsel. It is well established that a pro se litigant may not appear as an attorney for others. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). This rule becomes almost absolute where, as here, the putative class representative is incarcerated and proceeding pro se. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Booker v. Powers, Civ. S-06-1907 MCE KJM P, 2007 WL 470922 at *2 (E.D. Cal. Feb. 9, 2007). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.

Turning now to plaintiff's substantive claims, in any amended complaint that plaintiff elects to file, he will need to clarify what constitutional or federal statutory right he believes defendant Perry has violated and support each claim with factual allegations about the defendant's actions. Insofar as plaintiff wishes to proceed on a claim under the First Amendment

4

Free Exercise Clause, he is advised that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In particular, a prisoner's constitutional right to free exercise of religion must be balanced against the state's right to limit First Amendment freedoms in order to attain valid penological objectives such as rehabilitation of prisoners, deterrence of crime, and preservation of institutional security. See O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822-23 (1974). These competing interests are balanced by applying a "reasonableness test." McElyea, 833 F.2d at 197. "Regulations that impinge on an inmate's constitutional rights will be upheld if they are reasonably related to legitimate penological interests." Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78 (1987)).

Insofar as plaintiff wishes to proceed on a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), he is advised that the government is prohibited from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability." 42 U.S.C. § 2000cc-1(a). The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct. Plaintiff is cautioned that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, ___ F.3d ___, ___, 2015 WL 3916942 at *3 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014); see also Walker

v. Beard, __ F.3d __, ___, 2015 WL 3773072 at *10 n.4 (9th Cir. June 18, 2015) (defendants have Eleventh Amendment immunity from official capacity damages claims under RLUIPA); Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1114 (9th Cir. 2014) (same).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint plaintiff elects to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

/////

/////

/////

6. Plaintiff's request to certify this case as a class action lawsuit is denied.

Dated: November 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9
woma1858.14a