UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 2:15-cv-1858 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| WARDEN PERRY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

On November 10, 2015, the court dismissed plaintiff's complaint and granted him thirty days leave to file an amended complaint. (ECF No. 9.) On December 4, 2015, plaintiff filed an amended complaint. (ECF No. 13.) However, on January 11, 2016, plaintiff filed a motion to amend his complaint to name an additional defendant to this action. (ECF No. 14.) Then, on January 20, 2016, plaintiff filed a supplemental complaint to include a request for monetary damages as part of his prayer for relief. (ECF No. 15.) The court thereafter dismissed the amended complaint and granted plaintiff thirty days leave to file a second amended complaint that is complete in and of itself without reference to any prior pleading. (ECF No. 16.)

After being granted several extensions of time (ECF Nos. 17; 18; 20; 21), plaintiff submitted a second amended complaint. (ECF No. 22.)

1

# PLAINTIFF'S SECOND AMENDED COMPLAINT

In his second amended complaint, plaintiff identifies the following defendants: J. Mclachlan, the prison chaplain; R. St. Andra, the Assistant Warden; S. Beck, the warden; and Beck, a commanding correctional officer. (ECF No. 22.) Plaintiff alleges that defendant Mclachlan has been denying inmates in C-Yard Muslim services on a bi-weekly basis because of a disagreement he has with an inmate in C-Yard. Plaintiff seeks injunctive relief and monetary damages.

# SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

**I.     Defendants Beck, Perry, and St. Andra**

The original complaint in this action only identified defendant Perry. (ECF No. 1.) During the initial screening, the court warned that any amended complaint "must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights." (ECF No. 9 at 4.) In the second amended complaint, plaintiff's only allegations concerning

3

defendants Beck, Perry, and St. Andra are that they each held a supervisory role and were purportedly on notice of defendant Mclachlan's failure to hold Muslim services in C-Yard. (ECF No. 22 at 5-6.) These conclusory allegations of involvement in discrimination are insufficient to state a potentially cognizable claim.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. 362; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey</u>, 673 F.2d at 268. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his second amended complaint must be dismissed concerning defendants Beck, Perry, and St. Andra.

As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle</u>, 607 F.2d at 862. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey</u>, 673 F.2d at 268. Because plaintiff's only allegations concerning defendants Beck, Perry, and St. Andra are that they each held a supervisory role and were purportedly on notice of the failure to hold Muslim services in C-Yard (ECF No. 22 at 5-6), this is insufficient to state a potentially cognizable claim.

Accordingly, the court dismisses all claims against defendants Beck, Perry, and St. Andra for failure to state a potentially cognizable claim.

////

////

## II. Defendant Mclachlan

Plaintiff alleges two claims against defendant Mclachlan: (1) "Religious retaliation" for cancelling Muslin services in C-Yard because of a disagreement with an inmate in that yard; and (2) "Religious discrimination" against Muslims in the C-Yard for cancelling Muslim services in C-Yard because of a disagreement with an inmate in that yard. (ECF No. 22 at 4-5.)

Both of these claims, as phrased, are not cognizable claims under section 1983. As the court previously noted in dismissing the original complaint, plaintiff needs to clarify what constitutional or federal statutory right he believes defendants violated. (ECF No. 9 at 4.) Insofar as plaintiff wishes to proceed on a claim under the First Amendment Free Exercise Clause, he is advised that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).

In particular, a prisoner's constitutional right to free exercise of religion must be balanced against the state's right to limit First Amendment freedoms in order to attain valid penological objectives such as rehabilitation of prisoners, deterrence of crime, and preservation of institutional security. See O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822-23 (1974). These competing interests are balanced by applying a "reasonableness test." McElyea, 833 F.2d at 197. "Regulations that impinge on an inmate's constitutional rights will be upheld if they are reasonably related to legitimate penological interests." Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78 (1987)).

Insofar as plaintiff wishes to proceed on a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), he is advised that the government is prohibited from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability." 42 U.S.C. § 2000cc-1(a). The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable

claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct.

Plaintiff is cautioned that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014); see also Walker v. Beard, 789 F.3d 1125, 1139 n.4 (9th Cir. 2015) (defendants have Eleventh Amendment immunity from official capacity damages claims under RLUIPA); Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1114 (9th Cir. 2014) (same).

Plaintiff's statement of claim does not sufficiently notify defendant Mclachlan or the court as to the basis on which plaintiff's claim is proceeding. Accordingly, the court dismisses the claim with leave to amend.

### III. Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his second amended complaint must be dismissed. The court will, however, grant plaintiff leave to file a third amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May, 633 F.2d at 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268. Furthermore, plaintiff must specify the legal grounds on which he is pursuing his claim, making sure that it is cognizable.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading and the second amended complaint no longer serve any function in the case. Therefore, in any amended complaint plaintiff elects to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 22) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: September 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / woma.1858.scrn.sac.v2